# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

**CRIMINAL ACTION NO. 5:24-CR-111-KKC**

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**V.**                                    **PLEA AGREEMENT**

**JEROME DAVIS**                                                         **DEFENDANT**

\* \* \* \* \*

1.      Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant Jerome Davis ("Defendant") will enter a guilty plea to Count 12, charging a kickback conspiracy, in a violation of 18 U.S.C. § 371.

2.      The essential elements of Count 12 are:

(a) Two or more persons conspired, or agreed, to violate the Anti-Kickback Statute, a violation of federal law;

(b) the Defendant knowingly and voluntarily joined the conspiracy; and

(c) a member of the conspiracy did one of the overt acts in the indictment in furtherance of the conspiracy.

3.      As to Count 12, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Serenity Keeper's LLC ("Serenity Keepers") was a Kentucky corporation formed by co-defendant Delores Jordan on August 20, 2019, based in Fayette County, Kentucky, in the Eastern District of Kentucky.  Serenity Keepers was a

sober home company that purported to provide mental health and substance abuse treatment services and housing for individuals enrolled in the program.

(b) Beginning in 2019 and continuing through the time frame in the Indictment, co-defendant Delores Jordan solicited kickbacks from an individual in exchange for the referral of urine drug testing from Serenity Keepers to various urine drug testing labs. Jordan received kickbacks in the form of check, cash, and electronic payments for the referral of urine drug testing from Serenity Keepers to three different urine drug testing labs. In or around October 2021, Jordan demanded that the amount of the kickbacks increase to $5,000 and that they be paid to the Defendant in the form of consulting payments, paid as checks or ACH payments to the Defendant's company X-Tremly for Christ LLC.

(c) Between October 2021 and March 2022, Jordan and Serenity Keepers caused Medicaid and Medicare to pay a urine drug testing lab ("Lab 3") approximately $637,155.93 for urine drug testing referred to Lab 1 in exchange for unlawful kickbacks paid to Jordan. In furtherance of this kickback scheme, in the Eastern District of Kentucky, on or about November 30, 2021, the Defendant received check #1136, to his company X-Tremly for Christ LLC, in the amount of $5,000. The Defendant received five additional ACH wire transfers between December 14, 2021, and February 5, 2022, totaling $25,000.

4. The statutory punishment for Count 12 is imprisonment for not more than 5 years, a fine of not more than $250,000.00, and a term of supervised release of not more than 3 years. A mandatory special assessment of $100 applies to Count 12, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 2B4.1, the base offense level is 8.

(c)  Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), increase the offense level by 14 levels because the value of the claims paid pursuant to this kickback conspiracy is greater than $550,000.

(d)  Pursuant to U.S.S.G. § 3B1.2(b), decrease the offense level by 2 levels because defendant was a minor participant in the criminal activity.

(e)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility.  If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f)  Pursuant to U.S.S.G. § 4C1.1 and provided that the Defendant does not receive any criminal history points under U.S.S.G. Chapter Four, Part A, decrease the offense level by 2 levels.

(g)  Pursuant to U.S.S.G. § 5E1.1 and 18 U.S.C. § 3663A, restitution is $637,155.93, and the victims are the Kentucky Department for Medicaid Services (DMS) and the Centers for Medicare & Medicaid Services (CMS).

6.      No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7.      The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8.      The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9.      The United States will recommend releasing the Defendant on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

10.     The Defendant agrees to pay restitution in the amount of $593,591.59 to the Kentucky Department for Medicaid Services, and $43,564.34 to the Centers for Medicare & Medicaid Services, pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.  The parties agree that the Defendant should be jointly and severally liable for his restitution with any other defendant that has contributed to the losses of the victims.

11.     The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the

4

date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12.    The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum

schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

13.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14.    This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant.  The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 12/2/25          By: _____
                            Kate K. Smith
                            Assistant United States Attorney

Date: 12/1/2025          _____
                            Jerome Davis
                            Defendant

Date: 12/1/2025          _____
                            Kathryn Ann Walton
                            Attorney for Defendant